IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNT CONSTRUCTION GROUP, INC., <br>    an Indiana corporation, <br><br>    Plaintiff, <br> v. <br><br> COBB MECHANICAL CONTRACTORS, INC., <br>    a Colorado corporation <br><br>    Defendant, <br> and <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br>    a Massachusetts corporation <br><br>    Defendant / Counter-Claimant. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:17-cv-00215-LY |

**ANSWER AND COUNTERCLAIM OF LIBERTY MUTUAL INSURANCE COMPANY**

Defendant, LIBERTY MUTUAL INSURANCE COMPANY (the "Surety"), files its Answer and Counterclaim to the Complaint filed by Hunt Construction Group, Inc. ("Hunt"), and respectfully states:

**I.
ADMISSIONS AND DENIALS**

1. The Surety denies the averments contained within this paragraph.

**THE PARTIES**

2. The Surety admits that Hunt is incorporated under the laws of the State of Indiana and has its principal place of business in Indianapolis, Indiana. The Surety is without knowledge as to the remaining averments in this paragraph, therefore the remaining averments are denied.

3. The Surety admits the averments contained within this paragraph.

4. The Surety admits the averments contained within this paragraph.

## JURISDICTION AND VENUE

5. The Surety admits the averments contained within this paragraph.

6. The Surety admits the averments contained within this paragraph.

## FACTUAL BACKGROUND

7. The contract related to the Project speaks for itself. Otherwise, the Surety admits the averments contained within this paragraph.

8. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

9. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

10. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

11. The Subcontract speaks for itself. Otherwise, the Surety denies the averments contained within this paragraph.

12. The Subcontract and Performance Bond speak for themselves. Otherwise, the Surety denies the averments contained within this paragraph.

13. The Surety denies the averments contained within this paragraph.

14. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

15. The Surety denies the averments contained within this paragraph.

16. The Subcontract speaks for itself. Otherwise, the Surety denies the averments contained within this paragraph.

17. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, and the Subcontract speaks for itself. Otherwise, the Surety denies the averments contained within this paragraph.

18. The Subcontract speaks for itself. Otherwise, the Surety denies the averments contained within this paragraph.

19. The Subcontract speaks for itself. Otherwise, the Surety denies the averments contained within this paragraph.

20. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

21. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

22. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, and the Subcontract speaks for itself. Otherwise, the Surety denies the averments contained within this paragraph.

23. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

24. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

25. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

26. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

27. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

28. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

29. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

30. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

31. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, therefore denied.

32. The Surety denies the averments contained within this paragraph.

33. The Surety denies the averments contained within this paragraph.

34. The Surety denies the averments contained within this paragraph.

35. The Surety denies the averments contained within this paragraph.

36. The Surety denies the averments contained within this paragraph.

37. The Surety denies the averments contained within this paragraph.

38. The Surety denies the averments contained within this paragraph.

39. The Surety denies the averments contained within this paragraph.

40. The Surety denies the averments contained within this paragraph.

41. The Surety denies the averments contained within this paragraph.

42. The Surety denies the averments contained within this paragraph.

43. The Surety denies the averments contained within this paragraph.

44. The Surety denies the averments contained within this paragraph.

45. The Surety denies the averments contained within this paragraph.

46. The Surety denies the averments contained within this paragraph.

47. The Surety denies the averments contained within this paragraph.

48. The Surety denies the averments contained within this paragraph.

49. The Surety admits the averments contained within this paragraph.

50. The Surety denies the averments contained within this paragraph.

51. The Surety lacks knowledge or information sufficient to form a belief about the truth of the averments contained within this paragraph, and the Subcontract speaks for itself. Otherwise, the Surety denies the averments contained within this paragraph.

52. The Surety denies the averments contained within this paragraph.

53. The Surety denies the averments contained within this paragraph.

54. The Surety denies the averments contained within this paragraph.

55. The Surety denies the averments contained within this paragraph.

56. The Surety denies the averments contained within this paragraph.

57. The Surety admits the averments contained within this paragraph.

58. The Surety denies the averments contained within this paragraph.

59. The Surety denies the averments contained within this paragraph.

60. The Surety denies the averments contained within this paragraph.

61. The Surety incorporates its responses to paragraphs 1-53 in above as though fully restated herein.

62. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

63. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

64. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

65. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

66. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

67. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

68. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

69. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

70. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

71. The Surety believes no response is required to this count, as it is only directed against Cobb. Otherwise, the Surety denies the averments contained within this paragraph.

72. Liberty incorporates its responses to paragraphs 1-57 above as though fully restated herein.

73. The Surety denies the averments contained within this paragraph.

74. The Surety admits the averments contained within this paragraph.

75. The Surety denies the averments contained within this paragraph.

76. The Surety denies the averments contained within this paragraph.

77. The Surety denies the averments contained within this paragraph.

78. The Surety denies the averments contained in Hunt's prayer for relief.

79. The Surety denies all averments not specifically responded to above.

## III.
## AFFIRMATIVE DEFENSES

80. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the Surety affirmatively pleads that Hunt's claims are barred, in whole or in part, by the following defenses: failure to comply with the conditions precedent in the Performance Bond; failure to comply with the notice provisions of the Performance Bond; failure to permit the Surety to elect its remedy under the Performance Bond and to mitigate its damages; failure to comply with its own obligations under the Subcontract; and failure to give proper notice of default.

81. Pleading further, the Surety states the following defenses: that Cobb was not in material default at the time of notice of "default;" failure of Hunt to provide an effective "Project Schedule" as required by, inter alia, § 9.2 and 9.3 of the Subcontract; failure to provide proper notice of default and opportunity to cure to Cobb; failure to provide "reasonable notice" to the Surety as required by the terms of the Performance Bond; failure to provide timely written demand to Surety; release of the Performance Bond; improper unilateral completion by Hunt via Brandt; that the improper unilateral completion by Hunt does not constitute "reasonable costs," as required by the terms of the performance bond; Hunt's own prior material breach; failure to create a mutually agreed schedule; exoneration; material alteration of the bonded contract; discharge; impairment of collateral; waiver; estoppel; that all conditions precedent to recovery have occurred or been performed; payment; release; economic waste; unjust enrichment; unclean hands; damages are not recoverable under the bond; damages were caused by the acts or omissions of Plaintiff;

damages were caused by the acts or omissions of third parties; damages are not reasonable and/or necessary; improper partial termination of principal; statute of limitations; laches; damages were caused by a supervening cause; overpayment; misrepresentation; failure to permit the Surety to conduct its own investigation, including but not limited to access to the Project site; failure to provide the Surety a meaningful opportunity to perform.

82. The Surety incorporates by reference and specifically pleads all defenses of its principal.

## COUNTERCLAIMS

Defendant Liberty Mutual Insurance Company (the "Surety") files this its counterclaims against Plaintiff Hunt Construction Group, Inc. ("Hunt'), and respectfully states:

## THE PARTIES

83. Liberty Mutual is incorporated under the laws of the State of Massachusetts and has its principal place of business in Boston, Massachusetts. Liberty Mutual is registered to do business in Texas and regularly does business in Texas.

84. Hunt is incorporated under the laws of the State of Indiana and has its principal place of business in Indianapolis, Indiana.

## JURISDICTION AND VENUE

85. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1332(a) and (c) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

86. Venue is proper in this District because the dispute arose in this District.

## FACTUAL BACKGROUND

87. On July 20, 2015, Hunt entered into a Subcontract with Cobb (the "Subcontract")

for a lump sum of $30,938,190.00.

88. On August 28, 2015, the Surety entered into a subcontract performance bond agreement ("the Bond"), naming Cobb Mechanical Contractors, Inc. ("Cobb") as principal, and Hunt as obligee.

89. The Bond states in ¶ 2 that the "subcontract is by reference made a part hereof…"

90. The Subcontract provides for a "mutually agreed upon CPM schedule." (Subcontract, Attachment II, ¶ A(1)(q)).

91. The Bond requires Hunt to perform its obligations under the Subcontract.

92. As a condition precedent, the Bond requires Cobb to actually be in default under the Subcontract; Hunt to declare Cobb in default under the Subcontract; and Hunt to perform its obligations thereunder.

93. If the conditions precedent mentioned above are met, the Bond requires Hunt to give the Surety an opportunity to remedy the default, subject to the provisions of paragraph 3 therein, which includes but is not limited to, making available for the Surety the "balance of the subcontract price" as defined in the Bond.

94. Hunt declared a "partial termination" of Cobb.

95. Hunt did not provide proper notice of default and opportunity to cure to Cobb.

96. Hunt did not make available the "balance of the subcontract price" to the Surety, and did not give the Surety an opportunity to remedy the default.

97. Instead, Hunt engaged another contractor, Brandt, on a time and material basis, to perform work on the podium.

98. Hunt did not give the Surety "reasonable notice," as required under the Bond, and did not first give the Surety a meaningful opportunity to perform or to mitigate damages.

99. At the time of notice of default, Cobb was not in material default of the subcontract.

100. All conditions precedent to the Surety's counterclaims have been performed or waived.

## COUNT I – BREACH OF CONTRACT

101. The Surety incorporates by reference paragraphs 83-100 above in this Count I as though fully restated herein.

102. Hunt breached its obligations under the Bond by failing to perform its obligations under the Subcontract.

103. Hunt failed to create a Project Schedule.

104. Hunt did not achieve a "mutually agreed upon CPM schedule."

105. Hunt failed to properly declare Cobb in default. This constitutes a material breach of Hunt's obligations under the Bond.

106. Hunt did not provide a meaningful opportunity to Liberty to perform or to mitigate damages. Instead, Hunt unilaterally engaged another contractor, Brandt, apparently on a time and materials basis, to take over work on the podium. This action creates a multitude of problems and significantly escalates damages. This constitutes a material breach of Hunt's obligations under the Bond.

107. Hunt did not make available the balance of the subcontract price to Liberty, which constitutes a material default of Hunt's obligations under the performance bond. The Surety has suffered and continues to suffer substantial damages as a direct result of this material breach of Hunt's obligations under the Bond.

108. Hunt improperly declared a "partial termination". Effectively Hunt de-scoped work but did so under a claim of a partial termination. This declaration was not only wrongful but

caused the Surety significant damages, which are still accruing. This "partial termination" was a material breach of Hunt's obligations under the Bond, and had the effect of releasing the Bond.

109. Hunt's improper unilateral completion with Brandt does not constitute "reasonable costs," as required by the terms of the performance bond. This constitutes a material breach of Hunt's obligations under the Bond.

110. Due to Hunt's breaches of its obligations under the Bond, the Surety has suffered and continues to suffer significant damages, including costs related to consulting fees and attorney's fees, which were a direct cause of Hunt's breaches of its obligations under the Bond. The Surety's damages are still accruing.

## COUNT II – DECLARATORY JUDGMENT

111. The Surety incorporates by reference paragraphs 83-110 above in this Count II as though fully restated herein.

112. This is an action for declaratory judgment and supplemental relief under 28 U.S.C. §§ 2201 and 2202.

113. In order to resolve this controversy, the Surety requests that, pursuant to 28 U.S.C. § 2201 and 2202, this court declare the respective rights and duties of the parties in this matter, including, in particular, that the court declare that:

   a. The Bond is null & void, and the Surety is discharged of any duty on the Bond, because of the material breaches by Hunt;

   b. Alternatively, the Surety's obligations under the Bond are discharged to the extent of the breaches by Hunt and the resulting damages;

   c. Hunt failed to give adequate notice and an adequate opportunity to cure the alleged issues;

d. Hunt's improper unilateral completion with Brandt does not constitute "reasonable costs," as required by the terms of the performance bond.

e. The Surety is exonerated from any obligations under the Bond because of Hunt's material alterations of the bonded contract.

## COUNT III – ATTORNEYS' FEES AND COSTS

114. Pursuant to Texas Civil Practices & Remedies Code 38.001, *et. seq.*, applicable statutes, and the contracts, the Surety is entitled to recover its attorney's fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, premises considered, the Surety respectfully requests that the Court:

a. Render judgment that Hunt take nothing in its Claim against the Surety;

b. Dismiss Hunt's Claim against the Surety with prejudice, assessing costs against Hunt;

c. Award the Surety its damages against Hunt, as may be proved at trial;

d. Declare the rights & responsibilities of the parties, including but not limited to declaring that the Bond is null & void;

e. As against Hunt, that the Court grant the Surety's reasonable attorneys' fees and costs;

f. As against Hunt, such other and further relief as this Court deems equitable and just.

>Respectfully submitted,
>**LANGLEY LLP**
>
>By:   /s/ *Keith A. Langley*
>    Keith A. Langley – Attorney in Charge
>    Texas State Bar No. 11919500
>    1301 Solana Blvd., Bldg. 1, Suite 1545
>    Westlake, Texas 76262
>    214-722-7160
>    214-722-7161 Facsimile
>    klangley@l-llp.com
>
>    Trevor "Max" Langley
>    Texas State Bar No. 24102060
>    1301 Solana Blvd., Bldg. 1, Suite 1545
>    Westlake, Texas 76262
>    214-722-7185
>    214-722-7161 Facsimile
>    mlangley@l-llp.com
>
>    **COUNSEL FOR LIBERTY MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing is to be delivered to the following parties in accordance with the Federal Rules of Civil Procedure on the 29th day of March, 2017.

Casey Low
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Ave., Suite 1700
Austin, TX 78701
(512) 580-9601 facsimile
Casey.low@pillsburylaw.com

-AND-

Steven G.M. Stein
C. Steven Tomashefsky
STEIN RAY LLP
222 West Adams St., Suite 1800
Chicago, IL 60606
(312) 341-3701 facsimile
sstein@steinraylaw.com
stomashefsky@steinraylaw.com
*Attorneys for Plaintiff, Hunt Construction Group, Inc.*

Michael L. Burnett
GREENBERG TRAURIG LLC
1000 Louisiana St., Suite 1700
Houston, TX 77002
(713) 374-3505 facsimile
burnettm@gtlaw.com
*Attorneys for Defendant, Cobb Mechanical Contractors, Inc.*

                                                /s/ Keith A. Langley
                                                 Keith A. Langley