IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNT CONSTRUCTION GROUP, INC., <br>    an Indiana corporation, <br><br>       Plaintiff/Counter-Defendant, <br><br>    v. <br><br> COBB MECHANICAL CONTRACTORS, INC., <br>    a Colorado corporation, <br><br> and <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br>    a Massachusetts corporation, <br><br>       Defendants/Counter-Plaintiffs. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:CV-17-215-LY <br><br><br><br> Honorable Lee Yeakel |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S COUNTERCLAIM**

Plaintiff Hunt Construction Group, Inc. ("Hunt") respectfully submits this Reply in Support of its Motion to Dismiss Count II of the Counterclaim filed by Defendant Liberty Mutual Insurance Company ("Liberty").

1. In its Response, Liberty does not dispute clear federal law that its declaratory judgment counterclaim must be dismissed to the extent that it mirrors the affirmative defenses it has alleged in response to Hunt's claims. Indeed, Liberty does not even suggest that resolution of its declaratory judgment counterclaim will require the determination of any factual issues that its affirmative defenses do not already place in dispute. And Liberty does not dispute, nor can it, that most of the language of its declaratory judgment counterclaim is taken verbatim from its affirmative defenses.

2. Liberty instead argues that its declaratory judgment counterclaim seeks additional relief not present in its affirmative defenses. Liberty asserts that its declaratory judgment counterclaim seeks a declaration that the entire Bond is "null and void," whereas its affirmative defenses relate only to the Bond claims Hunt has made against Liberty to date.

3. If that were indeed the sole basis for the declaratory judgment counterclaim, Liberty's position might have some plausibility. But the argument ignores what the counterclaim actually says and mischaracterizes Liberty's own pleading.

4. Liberty's declaratory judgment counterclaim does not seek a single declaration that the Bond is "null and void." Rather, it asks the Court to make five distinct declarations:

> a. The Bond is null & void, and the Surety is discharged of any duty on the Bond, because of the material breaches by Hunt;
>
> b. Alternatively, the Surety's obligations under the Bond are discharged to the extent of the breaches by Hunt and the resulting damages;
>
> c. Hunt failed to give adequate notice and adequate opportunity to cure the alleged issues;
>
> d. Hunt's improper unilateral completion with Brandt does not constitute 'reasonable costs' as required by the terms of the performance bond;
>
> e. The Surety is exoneration from any obligations under the Bond because of Hunt's material alterations of the bonded contract.

(ECF Dkt. No. 13 at 11-12, ¶ 113.)

5. Plainly, only Declaration (a) seeks a finding that the Bond is "null & void." To be sure, Declaration (a) raises no new questions of fact that would not already be determined in the course of resolving the affirmative defenses. Whatever alleged "material breaches by Hunt" Liberty might allege as rendering the Bond null and void must have occurred already, and Liberty does not allege any new or different material breaches apart from those it alleges in its affirmative defenses – including "Hunt's own prior material breach" and "discharge" – the same relief contemplated in Declaration (a).

6. The premise of Liberty's argument that the Bond is "null and void" is flawed under both the terms of the Bond and the law, and it will be addressed in a forthcoming dispositive motion. But based on Liberty's representation that its declaratory judgment counterclaim seeks to declare the Bond null and void with respect to any future Bond claims Hunt might make, then in reliance upon that representation, and for purposes of this motion only, Declaration (a), and only Declaration (a) can survive dismissal.

7. Liberty's Response does not offer any defense of Declarations (b) through (e), and thus concedes they cannot survive. As Hunt's motion established, those four declarations are copied directly from Liberty's affirmative defenses and claim for breach of contract. Those four declarations do not ask the Court to declare the Bond "null & void," which is the only defense Liberty has offered in response to Hunt's motion. The other four declarations are precisely the type of duplicative requests for declaratory relief that courts do not permit under the Declaratory Judgment Act, and Liberty should therefore have no objection to their dismissal.

## **CONCLUSION**

8. Based on Liberty's own characterization of the relief it seeks by way of its declaratory judgment counterclaim, Hunt withdraws its motion to dismiss with respect to Declaration (a) only. The separate and alternative Declarations (b), (c), (d), and (e) should be dismissed as duplicating the relief already stated in Liberty's affirmative defenses.

Dated: May 10, 2017

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Casey Low*
    Casey Low
    401 Congress Avenue
    Suite 1700
    Austin, Texas 78701
    (512) 580-9616
    Casey.Low@pillsburylaw.com

    Steven G.M. Stein (*admitted pro hac vice*)
    C. Steven Tomashefsky (*admitted pro hac vice*)
    STEIN RAY LLP
    222 West Adams St.
    Suite 1800
    Chicago, Illinois 60606
    (312) 641-3700
    sstein@steinraylaw.com
    stomashefsky@steinraylaw.com

**ATTORNEYS FOR PLAINTIFF**
**HUNT CONSTRUCTION GROUP, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on May 10, 2017, I electronically submitted a true and correct copy of the above with the clerk of court for the U.S. District Court, Western District of Texas. I hereby certify that I have served all parties of record below in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                /s/ *Casey Low*
                Casey Low

Michael L. Burnett
GREENBURG TRAURIG, LLC
1000 Louisiana Street, Suite 1799
Houston, TX  77002
burnetm@gtlaw.com

ATTORNEY FOR DEFENDANT
COBB MECHANICAL CONTRACTORS, INC.

Keith A. Langley
LANGLEY, LLP
1301 Solana Blvd., Bldg. 1, Suite 1545
Westlake, TX 76262
klangley@l-llp.com

ATTORNEY FOR LIBERTY MUTUAL
INSURANCE COMPANY