IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC., an Indiana corporation, <br><br> Plaintiff, <br><br> v. <br><br> COBB MECHANICAL CONTRACTORS, INC., a Colorado corporation <br><br> Defendant <br><br> and <br><br> LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation <br><br> Defendant / Counter-Claimant | § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO.  1:CV-17-215 |

**LIBERTY'S RESPONSE IN OPPOSITION TO COBB MECHANICAL CONTRACTORS, INC.'S MOTION FOR AN ORDER APPROVING ESI PROTOCOL**

Defendant Liberty Mutual Insurance Company ("Liberty") files this Response to Cobb Mechanical Contractors, Inc.'s ("Cobb") Motion to Approve E-Discovery Protocol (Dkt. 50). Liberty objects to the motion to the extent it attempts to modify the Federal Rules and/or bind Liberty to receiving and working with pictures of electronic documents rather than the native format it requests, and respectfully states as follows:

**I.**
**Summary of the Response**

The Cobb Motion asks the Court to compel the parties to receive and work with single page TIFF files. This is contrary to FRCP 34, which states the requesting party may specify the form in

which electronically stored information is to be produced. Here, Liberty has specified that it requests production in native format. The Advisory Committee's notes to Rule 34 confirm that the requesting party's ability to designate the form or forms in which it wants electronically stored information may facilitate the orderly, efficient, and cost-effective discovery of electronically stored information. Federal courts have held that production in TIFF – the form Cobb proposes – does not meet the standards of Rule 34, particularly where the requesting party specifies native format. The Motion seeks to modify the Federal Rules of Civil Procedure by revoking Liberty's right to specify the form it desires. The Court should therefore deny the Motion.

## II.
## Discussion

1. The Electronic Discovery Protocol proposed by Cobb is contrary to the Federal Rules of Civil Procedure. The Rules allow the requesting party to "specify the form or forms in which electronically stored information is to be produced." FED.R.CIV.P. 34(b)(1)(C). This means that a party is entitled to specify native format. *Morgan Hill Concerned Parents Ass'n v. California Dept. of Educ.*, 2017 WL 445722, *4 (E.D. Cal. 2017) (ordering production in native format, as requested by requesting party).

2. The Advisory Committee notes confirm that the requesting party's ability to specify the desired form or forms "may facilitate the orderly, efficient, and cost-effective discovery of electronically stored information." RULE 34(B) ADVISORY COMMITTEE NOTES TO 2006 AMENDMENTS.

3. In order for the movant to alter the requirements of the Federal Rule on format, there must be a showing supported by competent evidence to justify the deviation. This includes demonstrating it is unduly burdensome to produce ESI in native format. *Morgan Hill*, 2017 WL 445722, *7. No such evidence has been presented to the court.

4.   Federal judges and commentators have also held that TIFF format is not acceptable under the new Federal Rules of Civil Procedure. *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 259 F.R.D. 568, 585 (M.D. Fla. 2009) (holding party did not comply with Rule 34 by converting documents to TIFF, because (1) it did not ordinarily maintain documents in that format and (2) conversion stripped documents of function); *In re Payment Card Interchange Fee & Merchant Discount*, No. MD-05-1720, 2007 WL 121426, at *4 (E.D.N.Y. Jan. 12, 2007) (holding that "reasonably usable" provision did not allow party to convert native documents to TIFF format); Craig Ball, *Lawyer's Guide to Forms of Production* (2014);[1] see also *Dahl v. Bain Capital Partners, LLC*, 655 F. Supp. 2d 146, 150 (D. Mass. 2009) ("In the usual course of business, the PE Firms maintain spreadsheets in their native format. Native format means that the spreadsheets have certain search capabilities and attributes ... Rule 34 requires that the PE Firms produce the spreadsheets in native format, keeping these attributes and search capabilities intact."); *Anderson Living Trust v. WPX Energy Production, LLC*, 298 F.R.D. 514 (D. N.M. 2014) (explaining that native format is how electronic files are ordinarily maintained); Craig Ball, *The Case for Native Production* (2014).[2]

5.   Even absent specification of the requested form – which is not applicable here because Liberty specifies native form – courts have held that conversion of native to TIFF fails to meet the requirements of Rule 34. *Goodbys Creek, LLC v. Arch Ins. Co.*, 2008 WL 4279693, *3 (M.D. Fla. 2008) (ruling that conversion from native to TIFF did not comply with Rule 34 because "the information should not be produced in a form that removes or significantly degrades [searchability]."); *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, No. 04 C 3109, 2006

---

[1]  http://www.craigball.com/Lawyers%20Guide%20to%20Forms%20of%20Production_Ver.20140512_TX.pdf (last accessed August 15, 2017).

[2]  Available at http://www.craigball.com/LIT_OctNov2014_EDiscoveryBulletin.pdf (last accessed August 15, 2017).

WL 665005, at *3-*4 (N.D.Ill. Mar.8, 2006) (finding TIFF images inadequate).

6.	A leading commentator on eDiscovery, who is often appointed a Special Master, explains the obsolescence, cost, and burden of TIFF:

> The irony of .tiff and load file productions is that what was once a cutting-edge technology has become an albatross around the neck of electronic data discovery.
>
> Despite the sea change in what we seek to discover, lawyers cling to .tiff imaging and load files, obsolete technology that once made evidence easier to find but which now deep sixes probative content.

Craig Ball, *Lawyer's Guide to Forms of Production* (2014) (debunking the myth of TIFF being superior to native form, and countering the arguments raised by Cobb).

## Conclusion

Liberty requests that the Court deny the Motion of Cobb (Dkt. 50).

Respectfully submitted,

**LANGLEY LLP**

By:  /s/ *Keith A. Langley*
    Keith A. Langley – Attorney in Charge
    Texas State Bar No. 11919500
    1301 Solana Blvd., Bldg. 1, Suite 1545
    Westlake, Texas 76262
    214-722-7160 Telephone
    214-722-7161 Facsimile
    klangley@l-llp.com

    Trevor "Max" Langley
    Texas State Bar No. 24102060
    1301 Solana Blvd., Bldg. 1, Suite 1545
    Westlake, Texas 76262
    214-722-7185 Telephone
    214-722-7161 Facsimile

mlangley@l-llp.com

*Counsel for Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing is to be delivered to the following parties in accordance with the Federal Rules of Civil Procedure on the 15th day of August, 2017.

/s/ Keith A. Langley
Keith A. Langley

Casey Low
PILLSBURY WINTHROP SHAW
 PITTMAN LLP
401 Congress Avenue
Suite 1700
Austin, Texas 78701
Casey.Low@pillsburylaw.com

Steven G.M. Stein
C. Steven Tomashefsky
STEIN RAY LLP
222 West Adams St.
Suite 1800
Chicago, Illinois 60606
sstein@steinraylaw.com
stomashefsky@steinraylaw.com

Michael L. Burnett
GREENBURG TRAURIG, LLC
1100 Louisiana Street, Suite 1799
Houston, TX 77002
burnetm@gtlaw.com