IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNT CONSTRUCTION GROUP, INC. | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:17-CV-00215-LY |
| vs. | § § § | |
| COBB MECHANICAL CONTRACTORS, INC. and LIBERTY MUTUAL INSURANCE COMPANY | § § § § | |
| Defendants. | § | |

**DEFENDANT COBB MECHANICAL CONTRACTORS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO APPROVE E-DISCOVERY PROTOCOL**

Defendant Cobb Mechanical Contractors, Inc. ("Cobb") files this Reply Brief in Support of its Motion to Approve E-Discovery Protocol.

**I.
INTRODUCTION**

1.  Defendant Liberty insurance Company's ("Liberty") Response in Opposition to Cobb Mechanical Contractors, Inc.'s Motion for an Order Approving ESI Protocol [Doc. # 51] ("Liberty's Response") omits key facts, ignores the terms of the E-Discovery Protocol, and misstates the legal authorities upon which Liberty relies. Liberty also fails to rebut the key elements of Cobb's Motion to Approve Ediscovery Protocol [Doc. # 50] ("Cobb's Motion"). Its attempt to unilaterally dictate document discovery is thus improper, and the Court should grant Cobb's Motion.

**II.
LIBERTY FAILS TO ADDRESS THE FACT THAT IT IS
A MINIMAL PLAYER IN DOCUMENT DISCOVERY**

2.  Liberty fails to address key points raised in Cobb's Motion. As discussed in

Cobb's Motion, it is undisputed that both Plaintiff Hunt Construction Group, Inc. ("Hunt") and Cobb have agreed to the E-Discovery Protocol. Cobb Motion, at 6. It is further undisputed that the vast majority of document discovery in this case will be produced and utilized by Cobb and Hunt. *See* Cobb's Motion, at ¶ 4. Liberty is a minor player with respect to document production, and Liberty will be producing and utilizing a very limited number of documents. Liberty does not discuss this in its Response. Given this tacit admission as to its role in discovery, it is patently unfair and unreasonable for Liberty to try and unilaterally dictate the format of document production in this litigation.

### III.
### LIBERTY IGNORES THE FEDERAL RULES AND MISSTATES CASELAW

3. Liberty spends the majority of its Response arguing that the proposed E-Discovery Protocol conflicts with Federal Rule of Civil Procedure 34(b)(1)(C). *See* Liberty Response, at ¶¶ 1-5. Liberty also makes the following sweeping statements:

- Federal judges . . . . . . have . . . held that TIFF format is not acceptable under the new Federal Rules of Civil Procedure.

- Courts have held that conversion of native to TIFF fails to meet the requirements of Rule 34.

*Id.* at 4-5.

4. Rule 34 does not allow Liberty to dictate the form of Cobb's production. Notably absent from Liberty's Response is any acknowledgment of, or reference to, Rule 34(b)(2)(D), which allows the responding party to:

> state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

Rule 34, read in its entirety, does not allow Liberty to unilaterally dictate the form of the Parties'

production.[1]

5. Liberty's discussion of the relevant caselaw is patently misleading. None of the cases cited by Liberty support its sweeping statement that TIFF production violates, or is not acceptable under, the Federal Rules of Civil Procedure. No court has ever made this statement.

6. Moreover, none of the cases addressed or involved the production format set forth in the Cobb and Hunt selected E-Discovery Protocol – production of tiff's with metadata in load files. Rather, the cases Liberty cite largely involve the production of TIFF images **without the corresponding metadata**. *See Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 259 F.R.D. 568, (M.D. Fla. 2009)(noting that the production at issue "were TIFF images with no metadata"); *Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, 2006 WL 665005 * 3 (N.D. Ill. 2006)(noting as relevant the fact that "the TIFF documents do not contain . . . metadata").

7. These cases are inapposite and unsupportive of Liberty's sweeping generalizations. The E-Discovery Protocol contains specific provisions requiring the preservation and production of metadata. *See* Cobb Motion, at ¶¶ 6, 9-10; *see also* Exhibit A to Cobb Motion, Section L and Metadata Fields Chart. Tellingly, Liberty does not contest this representation or assert any argument that the E-Discovery Protocol fails to preserve all relevant metadata.

8. The other cases cited by Liberty do not even remotely apply to the issue before the Court. *Anderson Living Trust v. WPX Energy Production, LLC*, 298 F.R.D. 514 (2014) does not involve the production of TIFF images and the opinion contains no discussion of TIFF

---

[1] Liberty's failure to address Rule 34(b)(2)(D) is surprising given the discussion of this Rule in a case cited by Liberty, *Bray & Gillespie Management LLC v. Lexington Ins. Co.*, 259 F.R.D. 568 (M.D. Fla. 2009). *See* Liberty Response, at 4. There, the court noted that Rule 34(B)(2)(D) acted as a counterbalance to Rule 34(b)(1)(C) and allowed the responding party to object to the requested form of production. *See Bray*, 259 F.R.D. at 573.

images under the Federal Rules.  There, the Court denied the plaintiff's request that defendants produce hard copies of its documents after defendants had already produced electronic copies. *Id.* at 527 (holding that "Defendants' production of discovery in PDF format . . . .is adequate"). Likewise, in *Dahl v. Bain Capital Partners*, LLC, 655 F.Supp.2d 146, 149 (D. Mass. 2009), the court refused to issue an order requiring defendants to produce all metadata.  This case has nothing to do with the current dispute.[2]

## IV.
## THE HEARSAY MATERIALS FROM CRAIG BALL HAVE NO RELEVANCE TO THIS DISPUTE

9. In its Response, Liberty cites the hearsay materials from purported e-discovery expert Craig Ball.  Tellingly, Liberty does not cite one court opinion adopting the alleged opinions of Mr. Ball and no evidence supporting its conclusory statement that Mr. Ball is a "leading commentator."[3]  Liberty cannot provide relevant opinion testimony through the citation of materials on the Internet.  Moreover, Mr. Ball's opinions as to the best way to conduct e-discovery are irrelevant to the issues before the Court.  The Court should ignore these materials.

## V.
## CONCLUSION

10. Liberty has offered no support for its attempts to unilaterally dictate discovery methodology in this litigation.  Plaintiff and Cobb, the two parties that will be producing and utilizing the overwhelming majority of documents in this case, have negotiated a detailed e-discovery plan that is consistent with the Federal Rules and contains numerous safeguards to

---

[2] Liberty emphasizes that the court in *Dahl* compelled the production of native Excel files.  *See* Liberty Response, at ¶ 4.  This is not an issue here.  The proposed E-Discovery Protocol explicitly provides that "[t]he parties agree to provide databases, MS Excel or other spreadsheets, and scheduling documents in Primavera, MS Project, or similar formats, in their native format."  *See* Cobb's Motion, Exhibit A, Section I.

[3] In contrast, materials from the Sedona Conference, upon which Cobb relies, are routinely cited, and relied upon, by federal courts.  *See* Cobb Motion, at 10.

ensure that all of the relevant electronic information is produced in an efficient manner that retains all relevant metadata. Liberty has offered no credible argument or relevant authority that would support its position. Cobb thus asks the Court to grant Cobb's Motion and award Cobb any other relief to which it is entitled.

Respectfully submitted,

**GREENBERG TRAURIG LLP**

*/s/ Michael L. Burnett*
Michael L. Burnett
Greenberg Traurig, LLC
State Bar No. 03428700
1000 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 374-3580
Facsimile: (713) 374-3505
*burnettm@gtlaw.com*

**ATTORNEYS FOR DEFENDANT COBB MECHANICAL CONTRACTORS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that this Response was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 16th day of August 2016, with a copy of the above-document via the Court's CM/ECF System.

*/s/ Michael L. Burnett*
Michael L. Burnett

5