IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNT CONSTRUCTION GROUP, INC., | § | |
| an Indiana corporation, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:CV-17-215 |
| | § | |
| COBB MECHANICAL CONTRACTORS, | § | |
| INC., | § | |
| a Colorado corporation | § | |
| | § | |
| Defendant | § | |
| | § | |
| and | § | |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| a Massachusetts corporation | § | |
| | § | |
| Defendant / Counter-Claimant | § | |

**LIBERTY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNT VII OF HUNT'S AMENDED COMPLAINT, OR FOR MORE DEFINITE STATEMENT**

## I.
### SUMMARY

1.      Hunt has withdrawn its claim for rescission. This is an important step towards achieving the goals of Rule 1: speedy, inexpensive administration of justice. Arguments about rescission would have occupied many pages of briefing and analysis on how to calculate rescission damages where the alleged fraudfeasor had performed much or most of the work before the plaintiff blocked the alleged fraudfeasor from further performing.

2.      Hunt also disavows that it is pleading no intention of performance fraud (*Opposition*, ¶¶ 48, 52). A promise of future performance and no intention of performing, however, are elements of fraudulent inducement. *Formosa Plastics Corp. USA v. Presidio Engineers and*

*Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *Ibe v. Jones*, 836 F.3d 516, 525 (5th Cir. 2016). This alone is sufficient to dismiss Hunt's fraudulent inducement count.

3.      While Hunt labels its claim as "fraudulent inducement," Hunt emphasizes that it is actually pleading common-law fraud. The Western District of Texas has recently rejected common-law fraud as being in the limited *Formosa* exception to the economic loss rule. *Spring Street Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, 2017 WL 5244285, at *5 (W.D. Tex. April 5, 2017). In other words, Hunt's clarifications on what its fraud claim is leads to one conclusion: the economic loss rule prohibits Hunt's claim. Hunt's fraud claim is also duplicative of its breach of contract claim because the alleged conduct could only possibly give rise to liability only because it breaches the parties' agreement. At a minimum Hunt should be ordered to give a more definite statement. In reality, Hunt's "fraud" claim should be dismissed.

## II.
### ARGUMENTS & AUTHORITIES

4.      This Court has the power to dismiss a fraud claim "[u]pon motion or sua sponte…" *Spring Street Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, 2017 WL 5244285, *2 (W.D. Tex. 2017). Hunt tries to bring alleged statements of Liberty into its fraud claim. *Opposition*, ¶ 8. Because this court can dismiss upon motion or sua sponte, and because fraud must be plead with particularity *before* access to discovery process is granted, Hunt's "standing" arguments are baseless. *See ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002) ("Pleading fraud with particularity in the [Fifth Circuit] requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person] obtained thereby … Directly put, the who, what, when, and where must be laid out *before* access to the discovery process is granted.") (emphasis in original).

5.      Hunt fails to plead fraudulent inducement with particularity, including the elements

of "future performance made with no intention of performing at the time it was made." *Zorrilla v. Aypco Construction II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015). Indeed, Hunt disavows that it is pleading these elements. *Opposition*, Dkt. 76, ¶ 41 ("Count VII does not claim that Cobb made promises of future performance without intending to perform them."). This alone is sufficient to dismiss Hunt's claim.

6.       Instead of pleading the elements of fraudulent inducement, Hunt contends it is sufficient that it plead the elements of common-law fraud. This Court has recently rejected the notion that common-law fraud is an exception to the economic loss rule. *Spring Street Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, Case No. 6:16-cv-00315-RP-JCM, 2017 WL 5244285, at \*5 and fn 2 (W.D. Tex. 2017); see also *Hooker v. Nguyen*, 2005 WL 2675018, \*6 (Tex. App. – Houston [14th Dist.] 2005, pet. denied) ("For *Formosa Plastics* to preclude application of the *DeLanney* test, however, a claim must be one of fraudulent inducement and not of mere common-law fraud; that is, a successful claim of fraudulent inducement requires a party to present legally sufficient evidence that another party made certain representations with the intent to deceive and with no intention of performing as represented.").

7.       The Fifth Circuit has agreed: contrary to Hunt's assertions, fraudulent inducement requires an intent to deceive and no intention of performing the act at the time the promise was made. *Ibe v. Jones*, 836 F.3d 516, 525 (5th Cir. 2016).

8.       Even if a common-law fraud claim could be an exception to the economic loss rule (it cannot), Hunt runs into the problem of the "mere breach of contract" rule. The two provisions Hunt complains of are:

        a.   That Cobb satisfied itself with respect to the availability and adequacy of personnel and workers at the prevailing wage scales (Subcontract, §

>    3.5(c)(7); and
>
> b.   That Cobb is experienced in performing the type, quality and quantity of work, and has sufficient manpower, supervision and labor capacity to properly perform this Subcontract (Subcontract, § 3.9).

These provisions cannot create a fraudulent inducement claim, because they are not pre-contractual, and because they could only possibly give rise solely because of the contractual relationship between the parties and not by operation of law. *Gay v. City of Wichita Falls*, 457 S.W.3d 499, 509 (Tex. App. - El Paso 2014, no pet.); see also *HostingXtreme Ventures, LLC v. Bespoke Group, LLC*, 2017 WL 4012922, *11 (N.D. Tex. 2017) ("Plaintiff is improperly re-characterizing its breach of contract claim on Defendants' failure to deliver as a tort claim.").

9.   Notably, as Hunt admits, neither of these are promises of future performance, which is an essential element of a fraudulent inducement claim. The first provision says that Cobb satisfied *itself*. Hunt does not address how a fraudulent inducement claim could possibly be premised on the defendant satisfying itself. The second provision is equally subjective, as it contains the term "sufficient … labor capacity." Hunt does not attempt to allege what is and is not sufficient. At most, the second provision is a promise to perform the contract. Representations that a party "would perform the contract" cannot be fraud, otherwise every breach of contract case would be converted into a fraud case. *See Crawford v. Ace Sign.,* 917 S.W.2d 12, 14 (Tex. 1996).

10.   The two contractual statements Hunt complains of are similar to statements that were rejected by a recent Texas appellate case: "Artisan is a high quality custom homebuilder with years of experience, is hardworking and honest, and employs top-quality subcontractors." *Fitzgerald v. Water Rock Outdoors, LLC*, 536 S.W.3d 112, 118 (Tex. App. – Amarillo 2017, pet. filed). The Fitzgerald court held that these statements were "not material misstatements but were

merely 'puffing' or opinion and, as such, cannot constitute actionable fraud." *Id.* (citing *Prudential Ins. Co. of Am. v. Jefferson Assocs.*, 896 S.W.2d 156, 163 (Tex. 1995) (statements that building was "superb," "super fine," and "one of the finest little properties in the City of Austin" are opinion and will not support a fraud claim)).

11.    At a minimum, the Court should require Hunt to plead with particularity. Hunt has failed to allege who the speaker was who made the alleged misrepresentations. An entity can only act through humans, and no human is identified. Hunt fails to allege that any of the statements were made pre-contractual, which is required for a fraudulent inducement claim. Finally, Hunt fails to allege any promises of future performance that were made with the intent to deceive and with no intention of performing. Instead, Hunt only points to two statements in the contract, both of which Hunt admits cannot be promises of future performance. Therefore, Hunt should not be able to convert this breach of contract case into a fraudulent inducement case.


                                        Respectfully submitted,
                                        **LANGLEY LLP**

                                        By:    /s/ *Keith A. Langley*
                                              Keith A. Langley – Attorney in Charge
                                              Texas State Bar No. 11919500
                                              1301 Solana Blvd., Bldg. 1, Suite 1545
                                              Westlake, Texas 76262
                                              214-722-7162
                                              214-722-7161 Facsimile
                                              klangley@l-llp.com

                                              Trevor "Max" Langley
                                              Texas State Bar No. 24102060
                                              1301 Solana Blvd., Bldg. 1, Suite 1545
                                              Westlake, Texas 76262
                                              214-722-7185
                                              214-722-7161 Facsimile
                                              mlangley@l-llp.com

COUNSEL FOR LIBERTY MUTUAL
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing is to be delivered to the following parties in accordance with the Federal Rules of Civil Procedure on the 12[h] day of March, 2018.

Casey Low
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Ave., Suite 1700
Austin, TX 78701
(512) 580-9601 facsimile
Casey.low@pillsburylaw.com

-AND-

Steven G.M. Stein
C. Steven Tomashefsky
STEIN RAY LLP
222 West Adams St., Suite 1800
Chicago, IL 60606
(312) 341-3701 facsimile
sstein@steinraylaw.com
stomashefsky@steinraylaw.com
*Attorneys for Plaintiff, Hunt Construction Group, Inc.*

Michael L. Burnett
GREENBERG TRAURIG LLC
1000 Louisiana St., Suite 1700
Houston, TX 77002
(713) 374-3505 facsimile
burnettm@gtlaw.com
*Attorneys for Defendant, Cobb Mechanical Contractors, Inc.*

 */s/ Keith A. Langley*
Keith A. Langley