# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **HUNT CONSTRUCTION GROUP, INC.** | § | |
| | § | |
| **VS.** | § | **NO. A-17-CV-215-LY** |
| | § | |
| **COBB MECHANICAL CONTRACTORS,** | § | |
| **INC., and LIBERTY MUTUAL INS. CO.** | § | |

## ORDER

Before the Court are Liberty's Motion to Strike Affirmative Defenses of Hunt (Dkt. No. 80), and Plaintiff Hunt Construction Group, Inc.'s Memorandum in Opposition (Dkt. No. 84).

In this suit, Hunt Construction Group, Inc. brings a claim against Liberty Mutual Ins. Co. based on a surety bond Liberty issued to insure the performance of Hunt's mechanical subcontractor on a construction project. When Hunt terminated the subcontract it gave notice to Liberty and made a claim on the performance bond. Liberty ultimately denied the claim, and refused to perform under the bond. Hunt filed suit, asserting a claim against the subcontractor, and also making a breach of contract claim against Liberty for its failure to perform under the bond. Dkt. No. 1. On February 2, 2018, Hunt filed an Amended Complaint adding a number of claims against the subcontractor. Dkt. No. 66. On February 19, 2018, Liberty filed its Answer and Amended Counterclaim. Dkt. No. 73. Hunt answered that counterclaim on March 5, 2018, and stated six affirmative defenses, as well as the defense that the three claims raised in the counterclaim failed to state a claim on which relief may be granted. Liberty now seeks to strike those defenses because they are "threadbare, broad, and vague," which will "prejudice Liberty in expanding the cost and time of discovery." Dkt. No. 80 at 1.

Liberty first responds that Hunt's motion should be denied for failure to include a certificate of conference as required by Local Rule CV-7(i). It further argues that its defenses are adequately

stated under Fifth Circuit precedent, and that any additional information Liberty needs to prepare to respond to the defenses may be gathered in discovery. The Court agrees on both counts. First, the failure to include a certificate of conference is reason alone to deny the motion. But that would simply delay the inevitable, as Liberty would likely refile the motion after conferring.[1]

More to the point, Liberty's motion fails on its merits. The essence of Liberty's argument is that Hunt has merely stated the names of the affirmative defenses; "[n]o facts are alleged by Hunt in support of its bare-bones legal conclusions. This fails even the *Woodfield* 'fair notice' standard."[2] That standard is quite low, and only requires that the affirmative defense be raised in a manner that does not result in unfair surprise. "[T]echnical failure to comply precisely with Rule 8(c) is not fatal." *Rogers v. Mc Dorman*, 521 F.3d 381, 385 (5th Cir. 2008) (citing *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)). Further, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

The best evidence of the fallacy of Liberty's complaints with Hunt's defenses is the text of Liberty's *own* affirmative defenses stated in its answer to Hunt's complaint. Among other things, Liberty's defenses state, verbatim:

> exoneration; material alteration of the bonded contract; anticipatory repudiation by Hunt; discharge; impairment of collateral; waiver; estoppel; ratification; failure of Hunt to plead with particularity; that all conditions precedent to recovery have occurred or been performed; payment; release; economic waste; unjust enrichment; unclean hands; that Hunt is *in pari delicto* . . . .

---

[1] Given Hunt's opposition to Liberty's motion, the Court assumes a conference would not obviate the need for the Court to resolve the issues raised by Liberty.

[2] The case reference is to *Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999), which addresses the application of the pleading rules for affirmative defenses set out in FED. R. CIV. P. 8(c).

Dkt. No. 73 at 10, ¶ 101. By the Court's count that alone is 16 affirmative defenses, without one fact pled to explain the basis for any of them. If Liberty believes that this is sufficient to state *its* defenses to Hunt's claims, it is in no position to complain about Hunt stating its affirmative defenses in a similar manner.[3]

Because Hunt's pleading of its affirmative defenses has given Liberty sufficient notice of the defenses, and was done so in a manner that will not result in unfair surprise, Liberty's Motion to Strike Affirmative Defenses of Hunt (Dkt. No. 80) is **DENIED**.[4]

SIGNED this 19th day of October, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[3] Liberty also seeks to strike Hunt's "additional defense" that all three counts of the counterclaim fail to state a claim. As to Count I, Hunt filed an affirmative motion raising that issue, which the undersigned has recently recommended be granted. Dkt. No. 115. With regard to Counts II and III, the "additional defense" is of no effect, as the only way to assert such a defense is through a motion—either under Rule 12(b)(6), Rule 56, or Rule 50. There is, however, no reason to strike the defense as it can cause Liberty no harm.

[4] Hunt states in its response that it is withdrawing its unclear hands and *in pari delicto* defenses based on Liberty's representation that Liberty is not seeking any equitable relief. Liberty's motion as to these two defenses is thus moot.